### 7627.  ELBERT COUNTY v. SMITH.

HODGES, J.  When the General Assembly creates a town and includes within the territorial limits a county bridge upon a street of the town, and gives to the town jurisdiction and control over its streets, the county can not be held liable for personal injuries thereafter caused by the defective construction of the bridge or failure to repair it. See *Commissioners of Polk County* v. *Mayor &c. of Cedartown*, 110 *Ga.* 824 (36 S. E. 50), where it was held: "The moment that the charter of the City of Cedartown was so amended as to embrace within the limits of that corporation that portion of the public road of which the bridge in question formed a part, the jurisdiction of the county over this part of the highway ceased, and the same became subject to the control and jurisdiction of the municipal authorities. See *Almand* v. *Atlanta Con. St. Ry. Co.*, 108 *Ga.* 417 (34 S. E. 6), and authorities there cited. Consequently, the duty of the municipal authorities to keep in repair the bridge in question arose as soon as it became a part of one of the streets of the city, and the county was no longer under any duty in respect thereof. Such being the case, no order or proceeding of any character was necessary in order to relieve the county authorities of the obligation to keep the bridge in repair."  The bridge in question was, as a matter of law, not a county bridge after the act of incorporation, it matters not how it was regarded by the authorities. The verdict being based upon a contrary theory, the court erred in refusing to grant a new trial.                    *Judgment reversed.*
                    DECIDED NOVEMBER 16, 1916.

Action for damages; from city court of Elberton—Judge Grogan.  June 24, 1916.

*Z. B. Rogers,* for plaintiff in error.  *Boozer Payne,* contra.