## 43632. CAMPBELL v. FULTON COUNTY.

ARGUED MAY 6, 1968—DECIDED MAY 31, 1968.

*Cullen M. Ward, Frank M. Eldridge,* for appellant.
*Harold Sheats, John Tye Ferguson,* for appellee.

FELTON, Chief Judge.   The appeal in this case is from the granting of Fulton County's motion to dismiss in this action brought by Mrs. Ralph J. Campbell against Fulton County and others in which she sought to recover damages which she alleged she suffered by reason of the negligence of the county in failing to properly maintain a railroad bridge located at the time of the injuries within the limits of the City of Atlanta and of Fulton County.

1.   The bridge involved in this case was incorporated into the City of Atlanta by the Act of 1951 (Ga. L. 1951, p. 3110). In *Polk County v. City of Cedartown,* 110 Ga. 824-826 (36 SE 50) the Supreme Court held "that where a road or bridge which is a part of the county road has by an amendment to a city charter been brought within the corporate limits of the city, the obligation on the part of the county to keep such road or bridge in repair immediately ceases." See also *Elbert County v. Smith,* 18 Ga. App. 776 (90 SE 724).   We do not consider the Grade Crossing Elimination Act (Ga. L. 1927, p. 299) to be inconsistent with the rulings in the above cases.   The above authorities demanded the judgment rendered by the trial court.

2.   There is a more compelling reason why the judgment of the trial court is correct.   A Constitutional amendment (Ga. L. 1951, p. 828) provides in part as follows: "Paragraph I.   The General Assembly of Georgia shall have authority to determine and prescribe by general, local or special laws all the powers, responsibilities and limitations of Fulton County and the commissioners of roads and revenues or other governing authority thereof both in the incorporated and unincorporated areas within

its boundaries and throughout the City of Atlanta, located in Fulton County, in respect to . . . county streets and roads and other public works. . . Paragraph III. Fulton County, or the commissioners of roads and revenues or other governing authority thereof, shall not render any of the services or perform any of the functions mentioned in Paragraph I of this section, except health and sanitation, inside any incorporated area within its boundaries." "Public Works" would seem to include bridges. 43 Am. Jur. 743, Public Works & Contracts, § 2.

This conclusion is demanded by a Constitutional amendment (Ga. L. 1953, Nov. Sess., p. 144, which provides that the 1951 amendment did not apply to highways, bridges, viaducts and underpasses when the work done is paid for in whole or part with State or Federal funds, or when the work is done in a city having a population of not more than 5,000 inhabitants. This amendment's reference to "bridges" clearly indicates the intention to construe the original amendment as prohibiting work on bridges by the prohibition against public works. In other words, the last amendment construes "public works" in the former amendment to include bridges. The population of the City of Atlanta since the above amendments has been over 5,000 and there is nothing in the petition to show that any State or Federal funds were involved with the bridge in question.

The court did not err in dismissing the action as to Fulton County.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*